EVELYN STERNHEIM, Petitioner, *v.* JULIUS STERNHEIM, Respondent.

Domestic Relations Court of City of New York, Family Court, New York County, June 12, 1940.

No appearance for petitioner.

*Bregman & Bregman* [*Julius Bregman* of counsel], for the respondent.

PANKEN, J.   I find that there has been no abandonment by the respondent of the petitioner, nor conduct which would, in law, constitute an abandonment constructively.   To permit a spouse to leave her husband and to allow the obligation for her support to continue, despite her leaving him, the court must find as a matter of fact that it had become impossible or unsafe for the spouse to continue to live with her husband.   It has been properly held that an isolated disagreement cannot be regarded to justify a finding that this conduct constructively constitutes an abandonment.

The court refused to permit the respondent to submit testimony in this case as to what occurred on June second, as the questions asked indicated to the court an attempt to prove indiscretion or worse on the part of the petitioner.   It is not within the province of this court (except incidentally to enable it to provide for a dependent) to pass upon the right to continue a marital relationship or the propriety of a dissolution of such marital relationship. That is not within its province.   The Domestic Relations Court of the City of New York is bound by the act which, under the Constitution, established the court.   Its jurisdiction is limited, and its justices must act within the limitations imposed upon it.

The relationship of husband and wife has been established here, and that relationship still exists.   Under section 92 of the Domestic Relations Court Act of the City of New York the court is empowered

to order support for a wife; subdivision 1 of the section so specifically vests the court with the power " To order support of a wife   *   *   * whether   *   *   * [she] is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

Where there is no abandonment, and the wife is not likely to become a public charge, it would be unjust, and running counter to equity and good morals, to make provision for the wife.   But where, however, it appears from the evidence that the wife is likely to become a public charge, it would be unfair to burden the community with the support of the wife when there is a person legally chargeable with her support, who is capable of so doing, either by way of ability to earn or financially able to do so.

The order in this proceeding is made on the basis that the woman is not now well; she is not now employed; she has no means; she is likely to become a public charge unless the person chargeable with support for her makes provision; and hence the court limits the order to the amount which, under the circumstances, the community would be required to contribute for the support of the petitioner, if the respondent were unable to do so.

The order of the court is eight dollars a week, beginning today.