William R. Brennan, Jr., J.
The appellant (respondent below) appeals from an order of the District Court of Nassau County, First District, made May 24, 1960 after an nonjury *490 trial, adjudging him chargeable with support of the respondent (petitioner below), and directing him to pay to the Nassau County Probation Department the sum of $45 per week for the support and maintenance of the wife commencing May 25, 1960.
The proceeding was instituted by the filing of an information on April 19, 1960 alleging a violation of subdivision 1 of section 899 of the Code of Criminal Procedure in that the husband neglected to provide adequately for the wife between January 25,1960 and April 19,1960. A warrant was issued on that date and the husband was arrested thereunder on May 10, 1960 when he was released on his own recognizance for trial at a later date; and the trial was had on May 24, 1960.
In the meantime, on April 21, 1960, chapter 770 of the Laws of 1960, adding article II-A to the Nassau County District Court Act relating to support proceedings, became effective. It has already been held that the new article confers on the District Court a civil jurisdiction in support proceedings which incorporates an appeal procedure pursuant to which appeals from District Court orders may be taken to this court (Rottenberg v. Rottenberg, N. Y. L. J. July 5, 1960, p. 8, col. 1, Gulotta, J.). This appeal is, therefore, properly before this court for determination on the merits.
It is the husband’s position that in the absence of proof that the wife is likely to become a public charge, the husband may successfully defend if he can show that the wife was guilty of abandonment or wrongful refusal to live with the husband. Proffers of proof along these lines were rejected by the trial court which relied upon the power granted by subdivision 1 of section 255-a of the new District Court Act (art. II-A), as authorizing an order for support regardless of any question of the wife becoming a public charge and regardless of actual or constructive abandonment, if any. It may be noted that the likelihood of the wife becoming a public charge was not an issue before nor determined by the trial court, since it was there conceded that 11 for this week” (i.e., at the time of trial) the wife was not likely to become a public charge.
There is no question of the District Court’s jurisdiction in the premises. The proceedings under the information lodged under section 899 of the Code of Criminal Procedure were properly transferred to the Civil Calendar of the District Court and continued as though they had been commenced by petition filed pursuant to new article II-A of the District Court Act (Nassau County Dist. Ct. Act, § 255-w). The act (§ 255) confers jurisdiction on that court to ‘ ‘ hear and determine *491 proceedings to compel the support of a wife 8" * by a husband.” And it provides that: 85 In the exercise of its jurisdiction the court shall have power: 1. To order support of a wife or minor child irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.” (§ 255-a.)
The statutory grant of power to the District Court to order support for the wife is limited to an order that8 6 justice requires having due regard to the circumstances of the respective parties.” The word “circumstances” in this context is not qualified by the adjective 88 financial” and therefore requires consideration of more than the relative monetary and earning factors urged by the respective parties. Thus in Guzewicz v. Guzewicz (5 A D 2d 1004) the Appellate Division in this Department in reversing an order for support made under a similar statute (N. Y. City Dom. Rel. Ct. Act, § 92) considered not only the relative financial status of the husband and wife, but also the motivations which the wife alleged for her unwillingness to return to the marital home. The Domestic Eolations Court of the City of New York, in applying the correlative section has consistently explored the nonfinaneial factors, i.e., the circumstances surrounding the separation of the parties. “As an incidence to the making of an order for the support of a spouse, the court is empowered and is under a duty to inquire into the causes of difficulties which had brought the parties into court.” (“ Blair ” v. “ Blair ”, 204 Misc. 58, 59; cf. People v. Karlsioe, 1 App. Div. 571, 573, 574; People ex rel. Boettcher v. Boettcher, 141 App. Div. 531; Matter of Ziegler v. Ziegler, 7 A D 2d 219; People v. Schenkel, 258 N. Y. 224, 226.)
The record indicates many references to a separation agreement which neither party offered in evidence. It also contains proffers of proof by the husband of his invitations to the wife to resume marital cohabitation. The existence of the agreement and its contents and performance are of course evidential matters and to be considered among the 8 8 circumstances of the respective parties” (“Nilsson” v. “Nilsson”, 200 Misc. 841, 843; “Jenkins” v. “Jenkins”, 179 Misc. 905; Thomas v. Thomas, 131 N. Y. S. 2d 290, 291). This is not to say that the agreement or proof of offers to resume cohabitation are binding upon the trial court in these proceedings (eases cited). As stated in Bohmert v. Bohmert (241 N. Y. 446, 453): “ Evidence of [his] offers to return, not spontaneous or conciliatory in their character, but made under the advice of counsel as a part of the strategy of a law suit, if not irrelevant as a matter of law, would be entitled to little weight as evidence of an honest *492 desire to live with [his wife].” But the evidence is admissible subject to the usual rules.
If follows from what has been said that it was error to refuse to receive evidence as to the circumstances of the parties as above outlined, including but not limited to the separation agreement, the factors underlying its making, and its performance, breach or abandonment. It is unnecessary, therefore, to pass upon other questions raised by the appellant.
The order of the District Court is reversed and a new trial ordered and the cause is remanded to the District Court for further proceedings.