Angela ORONA, as Administratrix de bonis non of the Estate of Santiago Orona, Deceased, Plaintiff-Appellee,

v.

ISBRANDTSEN COMPANY, Inc., Defendant-Appellant,

and

United Mail Steamship Company, Defendant.

No. 183, Docket 27668.

United States Court of Appeals Second Circuit.

Argued Jan. 10, 1963.

Decided Jan. 30, 1963.

Robert G. Farrell, of Stapleton, Flynn & Lilly, New York City (Daniel Flynn, New York City, of counsel), for defendant-appellant.

Sydney Schmukler, Brooklyn, N. Y., for plaintiff-appellee.

Kenneth Heller, New York City, amicus curiae, on behalf of infant child Mario Orona.

Before CLARK, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Defendant Isbrandtsen Company appeals from so much of the judgment of the court below as awards to Angela Orona, widow of the decedent, damages for the wrongful death of Santiago Orona, pursuant to the provisions of the Jones Act, 46 U.S.C. § 688.

Santiago, a seaman, committed suicide aboard one of defendant's vessels under circumstances fully described by the court below. 204 F.Supp. 777 (S.D.N.Y.1962). Appellant does not contest the amply supported finding that the negligence of defendant's agents contributed substantially to Santiago's death. It does contest the widow's right to recover.

Decedent and his widow were married in December 1952, and established a home in New York. Santiago went to sea shortly thereafter, but visited his wife every few weeks and contributed to her support for the next two years. The couple was then separated, and Santiago made no further contributions to his wife's support. He died on May 11, 1959. Appellant argues that because decedent did not contribute to the support of his wife during the five years immediately preceding his death, and because she made no attempt to compel him to do so, she had no reasonable expectation of support, and accordingly is barred from recovery.

This argument was rejected by this court in Civil v. Waterman S.S. Corp., 217 F.2d 94 (2d Cir. 1954), a case involving strikingly similar facts. We there said:

"Both the co-libelant, Anne, and the respondent urge that the allocation of any damages to the lawful widow, Elise, was improper, since Syville had long ago ceased to support her. The Jones Act and the Death on the High Seas Act explicitly name the widow as beneficiary without reference to her dependency on the deceased. 45 U.S.C. § 59, incorporated by reference in 46 U.S.C. § 688; 46 U.S.C. § 761. See Poff v. Pennsylvania R. Co., 327 U.S. 399, 400, 66 S.Ct. 603, 90 L.Ed. 749. It is clear that under state law Elise could at any time have forced Syville to contribute to her support, since they had been neither legally separated nor divorced. Kyff v. Kyff, 286 N.Y. 71, 35 N.E.2d 655. Hence Elise suffered a financial loss because of Syville's death for which she was entitled to substantial damages. New Orleans & N. E. R. Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167; Lawson v. United States, D.C.S.D.N.Y., 88 F. Supp. 706, 710, modified on other

grounds, 2 Cir., 192 F.2d 479, certiorari denied 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323; Southern Ry. Co. v. Miller, 4 Cir., 267 F. 376, certiorari denied 254 U.S. 646, 41 S.Ct. 15, 65 L.Ed. 455. These appear to us to be fairly explicit affirmative rulings not explained away by any particular facts or circumstances. And there is literally no authority to the contrary; for these cases cannot be considered as limited by cases of non-widow claimants, where admittedly dependency must be shown. And the opposite result seems unusually harsh; a husband may be killed with impunity civilly if he has been faithless." (217 F.2d at 99.)

Judge Learned Hand dissented on grounds substantially identical to those urged by appellant.

See also Diaz v. Lykes Bros. S.S. Co., 229 F.2d 269 (2d Cir. 1956); McGlothan v. Pennsylvania R. R., 170 F.2d 121, 127–28 (3d Cir. 1948); In re Uravic's Estate, 142 Misc. 775, 255 N.Y.S. 638 (Surr.Ct. 1932); cf. Clemmons v. United States, 105 F.Supp. 260, 262–63 (N.D.Fla.1952).

■■■ As in Civil v. Waterman S.S. Corp., supra, the marital domicile of decedent and his spouse remained in New York. Vetrano v. Vetrano, 54 N.Y.S.2d 537 (Sup.Ct. 1945). The public policy of the state prohibits any voluntary release of the husband's duty to support the wife, N.Y.Domestic Relations Law, § 51, McK.Consol.Laws, c. 14, and the widow could have compelled decedent to furnish necessary contributions to her support if he had lived. Domestic Relations Court Act of the City of New York, §§ 92, 101, N.Y.Laws 1933, ch. 482, §§ 92(1), 101(1), as amended by N.Y.Laws 1936, ch. 346, § 6; see e. g., Sternheim v. Sternheim, 174 Misc. 574, 20 N.Y.S.2d 823 (Dom. Rel.Ct.1940). Neither his death nor the fact that she has not previously sought such contribution operates to bar her

rights now. Civil v. Waterman S.S. Co., supra.[1] The fact that in Civil, the widow attempted to locate her husband and compel support some nineteen years before his death does not distinguish that case.

The extent of decedent's past contributions to his spouse does, however, bear on the issue of damages. McGlothan v. Pennsylvania R. R., supra; cf. Michigan Central R. R. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913). The trial judge quite properly took this factor into account in his computations.

Affirmed.

---

1. To the extent that the dicta in Tweedy v. Esso Standard Oil Co., 190 F.Supp. 437, 441–42 (S.D.N.Y.1960), aff'd on other grounds, 290 F.2d 921 (2d Cir.), cert. denied, 368 U.S. 920, 82 S.Ct. 241, 7 L. Ed.2d 135 (1961) suggest a contrary result the language therein is disapproved.