John P. Cohalan, Jr., J.
The motion of the plaintiff to consolidate this action with a proceeding pending in the Family Court of the County of Suffolk and to remove the said proceeding to this court for determination, is denied.
The cross motion of the defendant Palermo, also known as Cavalire, for summary judgment and to dismiss the complaint for insufficiency as a matter of law, has been withdrawn by the said defendant and is accordingly so marked.
At the time this action was started in the latter part of November, 1963, a proceeding for support had been instituted in the Family Court of Suffolk County by Lily J. Cavalire against her alleged husband, Philip D. Cavalire. That matter has proceeded to trial and one of the issues raised by Philip D. Cavalire, the defendant in that proceeding, is that he is no longer the husband of Lily J. Cavalire and that the proceeding is not being properly conducted against him. There appears to be an issue as to the sufficiency of the jurisdiction of the court in the Republic of Mexico wherein a divorce proceeding between the parties was conducted. Lily J. Cavalire also claims in substance that the power of attorney for her appearance and representation in the Mexican matrimonial proceedings had been nullified, and that such power of attorney ab initio was a nullity by reason of fraud in the procurement thereof.
■Section 115 of the Family Court Act gives exclusive jurisdiction to that court of the subject of support proceedings, “ § 115, Jurisdiction of Family Court, (a) The family court has exclusive original jurisdiction over * * * (ii) support proceedings, as set forth in article four ”.
*797 Section 411 of article 4 of the Family Court Act provides : “ The family court has exclusive original jurisdiction over support proceedings under this article and in proceedings under article three-a of the domestic relations law, known as the uniform support of dependents law. On its own motion, the court may at any time in the proceedings also direct the filing of a neglect petition in accord with article three of this act. ’ ’
Section 412 of article 4 of the Family Court Act also provides: ‘ ‘ A husband is chargeable with the support of his wife and, if possessed of sufficient means or able to earn such means, may be required to pay for her support a fair and reasonable sum as the court may determine, having due regard to the circumstances of the respective parties.”
The defendant in this action, Lily J. Cavalire, contends that prior to September 23, 1963, the date the Mexican decree of divorce was granted against her, she nullified the power of attorney she had previously signed and said defendant further contends that the power of attorney was obtained without her knowledge of the nature thereof and through fraudulent means and therefore, in addition, it was a nullity in the origin thereof.
It is alleged that the defendant, Lily J. Cavalire, is a crippled invalid and that she did not have an attorney represent her in connection with the subject of the power of attorney and the separation agreement and, further, that she was misled and defrauded in connection with the execution of the same.
The public policy of New York State prohibits the voluntary release by the wife of her right to contributions for her support and maintenance from her husband. Particularly is this so when the wife is crippled and may require public care and assistance. (Orona v. Isbrandtsen Co., 313 F. 2d 241; also, see, Domestic Relations Law, § 51.)
The question of the jurisdiction of the court in the Republic of Mexico to issue a decree of divorce is raised directly in the Family Court by the defendant, Philip D. Cavalire, in this proceeding. Mr. Cavalire insists that he is not the husband of Lily Cavalire by reason of the decree of divorce. He appeared specially in the support proceeding in the Family Court and questioned the jurisdiction of the court. The validity of the determination of that court is the subject of an appeal to the Appellate Division of the Supreme Court, just as the determination of this court may be reviewed by the Appellate Division. (Family Court Act, § 1011.) Also, see, Fishberg v. Fishberg (16 A D 2d 629, 630): “It appears that the petitioner and the defendant were parties to apparently valid prior marriages to other persons. Their respective prior spouses are living and the *798 divorces relied upon here as effecting the dissolution of such prior marriages appear to lack validity. The purported divorce of the defendant from his prior spouse was obtained in Mexico without the defendant even acquiring a colorable residence there. Clearly, on the record here, such divorce was void ab initio and ineffective to dissolve the marriage; and the defendant is not to be estopped from asserting such basic invalidity. (Alfaro v. Alfaro, 7 N Y 2d 949, affg. 5 A D 2d 770; Marum v. Marum, 8 A D 2d 975; Heine v. Heine, 10 A D 2d 864.) Furthermore, it would appear upon the record here that there was no valid dissolution of the petitioner’s prior marriage.”
Also, see, Matter of Carter v. Carter (19 A D 2d 513): “It is fundamental that the obligation to support on a means basis must be based on a valid marriage between the parties (Family Ct. Act, § 412, formerly N. Y. City Dom. Rel. Ct. Act, § 101, subd. 1). Jurisdiction of the court in such a proceeding is always subject to attack on the ground that a valid divorce decree exists between the parties. The Family Court as an incident to the exercise of its jurisdiction may deny full faith and credit to an ex parte foreign divorce decree if it finds that a bona fide domicile was not established in a foreign jurisdiction. (Williams v. North Carolina, 325 U. S. 226; Wilkov v. Wilkov, 13 A D 2d 471; Sierra v. Sierra, 8 A D 2d 708; Loomis v. Loomis, 288 N. Y. 222.) There is a presumption of validity of a foreign divorce decree, and the burden is upon the person who attacks it to establish that .such decree is invalid. Here the petitioner asserts there was a failure to establish a bona fide domicile in Virginia. Domicile depends upon intent and physical presence. (See 16 N. Y. Jur., Domestic Belations, 457, § 923.) ”
Accordingly, the motion of the plaintiff for an order to consolidate and to remove proceedings now pending in the Family Court is denied.