S. Samuel Di Falco, S.
The widow of the decedent seeks a vacatur of the decree issuing letters of administration to the brother of the decedent, the reopening of her default, and the issuance of letters to her. There is sufficient basis in the record to excuse the petitioner’s default. There is no doubt that the petitioner was married to the decedent, that she never instituted *75 a proceeding for divorce, and that she was never served with any process in any divorce proceeding. The burden of proving that the petitioner abandoned the decedent rests upon the respondent. (Matter of Maiden, 284 N. Y. 429.) The only evidence offered at the hearing was that of the petitioner. Her uncontradicted testimony shows mistreatment of her by decedent to an extent that justified her in leaving the marital abode. (People ex rel. Scherer v. Walsh, 33 Hun 345, 347; Blair v. Blair, 204 Misc. 58; Matter of Brunzel, 51 N. Y. S. 2d 483.)
The subsequent attempt of the petitioner to contract a marriage with another person does not in any way invalidate her marriage to the decedent or estop her from claiming her rights in his estate. (Matter of Lancaster, 30 Misc 2d 7, 12.) The second marriage ceremony appears to have been conducted for the purpose of giving her certain rights with respect to the property of the man with whom she was living. He died soon afterwards. The petitioner’s statement in her application for a marriage license that she had never been married before was untrue, but it does not amount to an abandonment by petitioner of the decedent. There may be instances where cohabitation with another may evidence an abandonment of the real spouse (Matter of Goethie, 9 Misc 2d 906; Matter of Bingham, 178 Misc. 801, affd. 265 App. Div. 463), but where a wife is forced to leave the marital abode because of cruel treatment by her husband, cohabitation with another after the lapse of a period of time is not sufficient to establish an abandonment by the wife.
The application of the petitioner is granted. The decree granting letters of administration of the respondent will be revoked and he will be directed to account. Letters of administration will be granted to the petitioner.